960

■ SALVATORE LABATE, Respondent, v. FORT TRYON APARTMENTS, INC., et al., Defendants, and ROSEN & ROSEN BRICK MASONS, INC., Defendant and Third-Party Plaintiff-Respondent. FALCO CONCRETE CO., Third-Party Defendant-Appellant, et al., Third-Party Defendant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, with leave to the third-party plaintiff to replead. If plaintiff should prevail upon the allegations of his complaint against the third-party plaintiff, there would be no basis for a claim over against the third-party defendant-appellant. The allegations of the complaint charge the third-party plaintiff with active negligence and primary responsibility for an unsafe brick wall which it had constructed. There is no factual statement or theory of liability asserted against the third-party plaintiff which would warrant the imposition of liability on the third-party plaintiff based on passive negligence or secondary or derivative responsibility from any fault of the third-party defendant-appellant. The pleadings do not set forth any facts upon which liability could be found against the third-party plaintiff which would warrant a shifting of that liability to the third-party defendant. Concur — Peck, P. J., Breitel, Cox, Frank and Valente, JJ.

■ DORIS ELISH et al., Appellants, v. CLARENCE ROSE et al., Doing Business under the Name of SYSTEMATIC GENERAL TRUCKING Co. et al., Respondents.— The trial court's comments upon plaintiffs' case were warranted, as was his observation that the alleged illness of plaintiffs' counsel came at an opportune time for his clients. Also, the doctor's certificate submitted in support of the application for a mistrial was inadequate. Certainly the court was not required, on the showing made, to grant the application for a mistrial. But the court was not able or willing to find that counsel was malingering. We think, therefore, that the court should have made further inquiry into the condition of plaintiffs' counsel and allowed time for the doctor to appear and testify or render a fuller statement in affidavit form. The trial court's view of the evidence, however justified, did not warrant a dismissal of the complaint on the merits at that juncture of the case. Judgment and order unanimously reversed, without costs, and a new trial ordered. Concur — Peck, P. J., Breitel, Cox, Frank and Valente, JJ.